IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN M. CASEY,

    Petitioner,

v().                                        CASE NO. 4:17-cv-78-MW-GRJ

UNITED STATES DISTRICT COURT,

    Defendant.

_____/

## ORDER AND REPORT & RECOMMENDATION

This matter is before the Court on ECF No. 1, Petitioner's Petition for Writ of Mandamus, and ECF No. 2, Petitioner's Motion for Leave to Proceed as a Pauper.

The Court has reviewed Plaintiff's motion for leave to proceed in forma pauperis and affidavit of financial status and finds that motion is due to be granted. Although Petitioner filed his motion on the form for the U.S. District Court for the Southern District of Florida, because the form is substantially similar to the form for the Northern District of Florida, there is no need for Petitioner to amend.

A  federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*, 129 S. Ct. 1937).

Petitioner is a prisoner currently incarcerated at Martin Correctional Institution. While it is unclear what Petitioner is specifically requesting from the Court, the Court recommends that Petitioner's Petition for Writ of Mandamus be dismissed.[1]

---

[1] Petitioner includes the following two statements regarding his claims for relief: (1) "Pursuant to 28 USC 1391, petitioner seeks a mandamus order from this court to remand case no. 216-3990 in the Second District Court of Appeal and filed open as a joint 42 USC 1981, 42 USC 1982, 42 USC 1985, 42 USC 1986, 42 USC 1988, 28 USC

Under 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Relief under 28 U.S.C. § 1361 is a drastic one and is reserved for extraordinary and clearly compelling situations. *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Lovallo v. Froehike*, 346 F. Supp. 1037, 1040 (W.D.N.Y. 1972), *aff'd*, 468 F.2d 340, *cert denied*, 411 U.S. 918.

The Supreme Court "has recognized that the writ of mandamus 'has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Daiflon*, 449 U.S. at 34 (first quoting *Will v. United States*, 389 U.S. 90, 95 (1967); then quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)). For a court to issue a writ of mandamus, the party seeking the writ must "have no other adequate means to attain the relief he desires" and "satisfy the 'burden of showing that [his] right to issuance of the writ is "clear and indisputable.""" *Id.* at

---

2241(d) under 18 USC 241, 18 USC 242 Complaint" and (2) "Petitioner seeks an order for the remand of case no. 216-3990 from the Second District Court of Appeal to this court with the clerk to provide the record and a waiver of filing fees in this court with appointment of counsel and costs." (ECF No. 1 at 5.)

35–36 (first quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953); then quoting *United States v. Duell*, 172 U.S. 576, 582 (1899)).

To the extent that Petitioner requests this Court to issue a writ of mandamus ordering the Florida Second District Court of Appeal to do something, this Court has no such authority. As mentioned above, a writ of mandamus is used to "compel an officer or employee of the United States or any agency thereof," *see* 28 U.S.C. § 1361, and neither a state court nor a state judge qualifies as an officer or employee of the United States. *See Bailey v. Silberman*, 226 Fed. App'x 922, 924 (11th Cir. 2007) ("Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought." (citing *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)). Accordingly, Petitioner is not entitled to a writ of mandamus compelling the Second District Court of Appeal to act.

Further, to the extent that Petitioner requests this Court to issue a writ of mandamus ordering the U.S. Court for the Southern District of Florida to do something, this Court again lacks authority to do so. Although the Supreme Court has stated that a writ of mandamus has traditionally

been used to compel an inferior court to exercise its authority, *see Daiflon*, 449 U.S. at 34, the U.S. District Court for the Southern District of Florida does not qualify as an inferior court to this one. Accordingly, Petitioner is not entitled to a writ of mandamus compelling the U.S. District Court for the Southern District of Florida to act.

In the alternative, to the extent that Petitioner is seeking to remove[2] one of his cases from state court to federal court, this too is improper. Defendants are the proper party to remove a case from state court to federal court. 28 U.S.C. § 1446 (discussing the procedures for removing a case). Petitioner is advised that if he desires for his case to be filed in federal court as opposed to state court, he may voluntarily dismiss his state court case and file a new case in federal court.

Petitioner is further advised that this Court likely does not have jurisdiction over any potential cases from Petitioner. Petitioner is currently incarcerated at Martin C.I., which is located in the Southern District of Florida. Additionally, Petitioner is in custody pursuant to a judgment in Lee County, Florida, which is located in the Middle District of Florida.

---

[2] Throughout Petitioner's petition for a writ of mandamus, he uses the word "remand." Based on a reading of his petition in its entirety, however, it appears he is actually discussing removal of a case from state court to federal court. For example, "Petitioner seeks an order for the remand of Case No. 216-3990 from the Second District Court of Appeal to this court." (ECF No. 1 at 5.)

Accordingly, if Petitioner seeks to file a petition for a writ of habeas corpus in federal court, jurisdiction would be appropriate either in the Southern District of Florida or the Middle District of Florida, as the districts of confinement and conviction, respectively. 28 U.S.C. § 2241(d). If Petitioner instead seeks to file a civil complaint in federal court, Petitioner is advised that venue is proper in a civil action in a judicial district (1) in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Accordingly, upon due consideration, it is **ORDERED**:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 2, is **GRANTED**; and

It is respectfully **RECOMMENDED** that:

2. Petitioner's Petition for Writ of Mandamus, ECF No. 1, should be **DENIED**, and the case closed.

**DONE AND ORDERED** this 22nd day of February 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge